IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HUGHEY M BUCHANAN, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:22-CV-00353-JDK |
| v. | § § § | |
| ETHAN SALA, OFFICIER 12155; FW HOLLAND, OFFICIER 12102; AND CITY OF TYLER POLICE DEPARTMENT, | § § § § § | |
| Defendants. | | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Plaintiff Hughey Buchanan ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed the above captioned lawsuit on August 26, 2022, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 3.) Pursuant to 28 U.S.C. § 1915(e)(2), the court has reviewed Plaintiff's pleadings and determined, for the reasons stated herein, that the allegations fail to state a claim upon which relief may be granted as they are barred by the relevant statute of limitations. 28 U.S.C. § 1915(e)(2). Accordingly, the court **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.

### BACKGROUND

Plaintiff originally filed this action on August 26, 2022 in the Northern District of Texas. (Doc. No. 3.) The case was transferred to this court on September 1, 2022. (Doc. No. 6.) Thereafter, this court granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. No. 9.) Plaintiff alleges that his civil rights were violated on September 20, 2016 when he was arrested for criminal

trespass, resisting arrest, disorderly conduct, and disturbing the peace. (Doc. No. 3, at 1.) Plaintiff states further that his civil rights were violated on August 31, 2014 when he was arrested for the aggravated assault of Erica Buchanan. *Id.* Plaintiff is suing the City of Tyler Police Department, Officer Ethan Daniel Sala, and Officer J. W. Holland for apparent violations of the Fourteenth Amendment related to his arrests.[1] *Id.*

On September 8, 2022, the court issued an order regarding Plaintiff's complaint, directing Plaintiff to respond as to the issue of whether his complaint should be dismissed as time-barred. (Doc. No. 8.) On October 7, 2022, the court received a response from Plaintiff. (Doc. No. 11.) In his response, Plaintiff states that he was wrongfully arrested and assaulted by the Tyler Police Department. (Doc. No. 11.) Plaintiff states that he has been a victim of a broken system while trying to get his claims heard before the court and he reiterates his claim for unlawful arrest in violation of the Fourteenth Amendment. *Id.* Plaintiff does not specifically address the issue of his claims being time barred or whether tolling provisions should apply.

## LEGAL STANDARD

28 U.S.C. § 1915(e)(2) provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] Plaintiff has also checked boxes for claims of "Assault, Libel, & Slander," "Personal Injury," "Employment," and "Americans With Disabilities Employment," as well as purporting to bring claims under the False Claims Act. (Doc. No. 3, at 2.) Plaintiff, however, has alleged no facts with respect to any of these claims and they cannot therefore be plausibly construed to be before the court.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputable meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 325–27 (1989). A complaint fails to state a claim upon which relief can be granted when it does not contain sufficient factual matters, accepted as true, to state a claim to relief which is plausible on its face. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

## DISCUSSION

On September 8, 2022, the court put Plaintiff on notice that his allegations regarding incidents that occurred on August 31, 2014 and September 20, 2016 were likely barred by the two-year statute of limitations. (Doc. No. 8.) As the court pointed out, Plaintiff was aware of the facts with respect to his arrest on August 31, 2014—the day of the alleged incident—and, therefore, his claim needed to be brought by no later than August 31, 2016. *Id.* at 8. Similarly, Plaintiff was aware of the facts underlying his arrest on September 20, 2016—the day of the other alleged incident—and, therefore, his claim needed to be brought by no later than September 20, 2018. *Id.* Plaintiff, however, did not file this action until August 26, 2022. (Doc. No. 3.) In his response to the court's order, Plaintiff does not address his late filing or suggest that the statute of limitations should be tolled. (Doc. No. 11.) Plaintiff instead reiterates his claims, as discussed above. For the reasons stated herein, the court finds that Plaintiff's claims are barred by the statute of limitations and no allegations or arguments warrant tolling of the statute of limitations.

### I. Statute of Limitations

There is no federal statute of limitations for 42 U.S.C. § 1983 actions; the relevant statute of the forum state furnishes the limitations period—but federal law determines the date the accrual commences. *See Owens v. Okure*, 488 U.S. 235 (1989). The statute of limitations in Texas for section 1983 actions is two years, as claims under section 1983 are governed by Texas's two-year,

personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is … two years."); *see also Wade v. City of Dallas*, 2018 WL 3966358 *1-2 (N.D. Tex. July 16, 2018) (citing and quoting *Helton*, 832 F.3d at 334). The date of receipt of the complaint, rather than the formal filing date, governs the time for filing for limitations purposes. *See Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987).

The Fifth Circuit has stated that "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal citation and quotations omitted); *Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331-32 (5th Cir. 2014) (per curiam) ("The standard in § 1983 actions provides 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'") (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

The equitable tolling principles of the forum state control in § 1983 cases. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015). Under Texas law, equitable tolling is a sparingly invoked doctrine, to be used only in cases where the plaintiff has excusable ignorance of the limitations period and has shown diligence in pursuing his rights. *Montgomery v. Hale*, 648 F.App'x 444, 2016 U.S. App. LEXIS 8949 (5th Cir., May 16, 2016), citing *Hand v. Stevens Transp. Inc. Emp. Benefit Plan*, 83 S.W.3d 286, 293 (Tex.App.-Dallas 2002, no pet.); *see also Crostley v. Lamar Cty., Tex.*, 717 F.3d 410, 421 (5th Cir. 2013) (equitable tolling requires a showing that the litigant has been pursuing his rights diligently but some extraordinary circumstance stood in his way and prevented timely filing).

Here, Plaintiff indisputably knew of his claims on August 31, 2014 and September 20, 2016 when he was allegedly arrested for the assault of Erica Buchanan and for criminal trespass, resisting arrest, disorderly conduct, and disturbing the peace, respectively. (Doc. Nos. 3 11.) Given the two-year statute of limitations for § 1983 actions under Texas law, Plaintiff needed to have filed his complaint by no later than August 31, 2016 or September 20, 2018 to have timely brought his claims within the statutory period. Plaintiff, however, did not file his complaint in federal court until August 26, 2022—nearly 8 years after the first alleged arrest and 6 years after the second alleged arrest. (Doc. No. 3.) Plaintiff does not dispute this timeline of events or any facts related to the timing of the incident, his notice of the claim, or his filing of the instant action. Further, Plaintiff has failed to show any valid basis for equitable tolling of the statute of limitations. For these reasons, the court finds that Plaintiff's asserted claims should be dismissed as barred by the relevant statute of limitations.

## CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

Within **14 days** after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in this Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the District Judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United States Auto. Ass'n*, 79

F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 17th day of November, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE